John Pearson & al. *versus* Stephen S. Crosby & tr.

Since the statute of April 1, 1836, concerning assignments, went into operation, all assignments which provide only for such creditors as shall consent to release the assignor from all claims and demands, excepting so far as they can realize any portion thereof under the provisions of the assignment, are void.

Barker, who was summoned as the trustee of Crosby, admitted in his disclosure, that he had effects, which had belonged to the debtor, in his hands, but claimed the right to

retain the same by virtue of an assignment thereof to him for the benefit of certain creditors of Crosby who had become parties to the assignment, dated July 12, 1839. The plaintiffs had never been parties to it. The assignment appeared to have been in conformity with the requirements of the statute of April 1, 1836, on that subject, unless because it provided, that the property assigned should be distributed but among such of the creditors of the assignor, as should become parties within three months, *and should release their demands in full and receive their dividends only.*

The District Judge decided, that the trustee should be discharged; and the plaintiffs filed exceptions to this decision.

*Hobbs,* for the plaintiffs, said he was aware of the decisions in the cases, *Todd* v. *Buckman,* 2 Fairf. 41; *Halsey* v. *Fairbanks,* 4 Mason, 206, and of what was reported to have been a decision of the U. S. District Judge of this State, in the matter of Holmes, in 5 Law Reporter. Opposed to these, however, were other authorities, which he considered exhibited the true principle, that a provision of this character rendered the assignment void, where there were no statutes regulating the subject. Of these are an earlier opinion of Judge Ware, found in his Reports, 232, and cases there cited; *Hyslop* v. *Clark,* 14 Johns. R. 458; and *Austin* v. *Bell,* 20 Johns. R. 442. The counsel commented upon several of the cases, and contended, that the latter class had the best of the argument.

But he did not consider it necessary for him to maintain that proposition. He should contend, that under the assignment act of April 1, 1836, a clause in an assignment, providing that a creditor must release all his claims in order to have any benefit under it, makes such assignment void. Such condition is a violation of the requirements of the statute. It is an attempt to coerce creditors to release their debts, or receive nothing, a course of proceeding which the statute does not permit. If it be in violation of the statute provisions in any essential particular, the assignment is entirely void. *Wakeman* v. *Grover,* 4 Paige, 24. As the plaintiffs are not parties to the assignment, it is competent for them to contest its valid-

ity. 20 Maine R. 301. To be valid, the assignment must have been so at the time it was made. The statute of 1836, however, is not repealed by the Revised Statutes. Rev. St. 804.

*Moody*, for the trustee, considered the question as settled in his favor in this State by the case *Todd* v. *Bucknam*, 2 Fairf. 41. It is sufficient that such is the law in our own State, whatever it may be in New York, or elsewhere. But the weight of authority and of argument is decidedly in our favor. *Halsey* v. *Fairbanks*, 4 Mason, 206, and cases collected in Metc. & Perk. Dig. 262.

The statute of 1836, respecting assignments, is wholly silent on this point; and in such case the law is not altered.

The opinion of the Court was drawn up by

WHITMAN C. J.—Barker, the supposed trustee, claims to hold the estate of the defendant under an assignment to him, made by the defendant, and, as he contends, in pursuance of the statute concerning assignments, of the first of April, 1836. The plaintiffs contend, that the assignment is not in conformity to the provisions of the statute, and is therefore void. The assignment, in effect, provides only for such creditors as shall consent to discharge the assignor from all claims and demands, except so far as they can realize any portion thereof under the provisions of the assignment. The question is, did this condition render the assignment void? Before the passage of the above statute, it had been adjudged, in this State, that it did not. *Todd* v. *Bucknam*, 2 Fairf. 45. We are now called upon to determine whether, under the statute, our adjudication should be otherwise. There had been much diversity of opinion on the question among jurists before the passage of the statute. The learned Judge of the U. S. District Court for the District of Maine, had intimated, very distinctly, that such a condition in any assignment rendered it void under the statutes of the 13 and 27 of Elizabeth. Ware's R. 232. And Mr. Justice Story, in *Halsey & al.* v. *Fairbanks & trustee*, 4 Mason, 206, in the absence of adjudications, and a usage in

Massachusetts to the contrary, would seem to have been strongly inclined to the same opinion. And in New York the decisions on the point are opposed to those in Pennsylvania. Under the provisions in the before named statute of 1836, such a condition in an assignment seems to us to be wholly inadmissible. That statute provides, that all assignments, made by debtors in this State, for the benefit of their creditors, shall provide for an equal distribution of all their estate, real and personal, among such of their creditors as, after notice, as therein provided, shall become parties to the same, in proportion, &c. Thus, but one condition is prescribed, and that is, that the creditors, upon being notified, shall become parties thereto within three months. It is not that they shall become parties thereto, and release the debtor from further claim within three months. A full discharge of the debtor does not seem to have been in the contemplation of the legislature. A distribution of the debtor's effects *among all his creditors,* without restriction or distinction, seems alone to be provided for. To bring the assignment within the statute it must conform to its terms, when those terms are, as they seem to be in this instance, explicit and clear. And the statute is equally clear and explicit that if it does not, it will be void. We are therefore of opinion that the exceptions should be sustained, and that the trustee is chargeable.